```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

W. T. HUNT, JR.,                      :

    Plaintiff,                       :

vs.                                   :   CIVIL ACTION 06-00227-KD-B

MOBILE COUNTY POLICE                  :
DEPARTMENT, *et al.*,
                                      :
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 (Doc. 3).[1] Plaintiff's action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Because Plaintiff has been permitted to proceed *in forma pauperis* request, the Court is required to review his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon review, it is recommended that Defendant Mobile County Police Department be dismissed, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) because the claims against it are frivolous.

### I. Complaint.

Plaintiff filed a Complaint (Doc. 3) against Defendants Mobile County Police Department and Officers T. Brannon and W. Cowart for alleged violations of his constitutional rights during his arrest

---

[1] Plaintiff's superseding amended complaint is the Complaint that is before the Court for review.

for third-degree domestic violence, failure to obey a police officer, and resisting arrest during his probation revocation proceedings. Defendant Mobile County Police Department is not a proper Defendant. In fact, the Court is unaware of the existence of such an entity.

Generally, the Mobile County Sheriff's Department has jurisdiction of law enforcement matters arising in the county outside of the city. ALA. CODE § 36-22-3(4) ("It shall be the duty of the sheriffs in their respective counties ... to ferret out crime, to apprehend and arrest criminals and ... to secure evidence of crimes in their counties."); *cf.* ALA. CODE § 11-40-10(a)(a city's police jurisdiction extends into the county at the most three miles, with the extension being dependent on the city's population). The City of Mobile Police Department has jurisdiction of matters arising in the city. Id.; City of Attalla, v. Dean Sausage Co., Inc., 889 So.2d 559, 566 (Ala. Civ. App. 2003). In naming the Mobile County Sheriff's Department, it appears that Plaintiff is actually referencing a combination of these two entities. Therefore, both entities will be discussed.

**II.  Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)(I).**

Because Plaintiff is proceeding *in forma pauperis*, his Complaint must be reviewed under 28 U.S.C. § 1915(e)(2)(B).[2]  §

---

[2]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the

2

1915(e)(2)(B)(I) provides that a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, Id. at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, Id., or where there is an affirmative defense that would defeat the claim, such as the statute of limitations. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833.

**III. Discussion.**

In order to bring a viable § 1983 claim against a defendant, the defendant sued must be an entity that is subject to being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in

---

failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered. See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  Bilal, 251 F.3d at 1348-49.

which the district court is held. . . ."  Fed.R.Civ.P. 17(b); see Dean, 951 F.2d at 1214.

"Sheriff's departments and police departments are not usually considered legal entities subject to suit." Id.  In Alabama, a sheriff's department does not have the capacity to be sued. Id. at 1215.  Additionally, a city's police department in Alabama is not a suable entity or a proper party under state law or for § 1983 purposes. Hawkins v. City of Greenville, 101 F. Supp.2d 1356, 1363 (M.D. Ala. 2000); accord Eddy v. Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is as an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."); Reese v. Chicago Police Dept., 602 F. Supp. 441, 443 (N.D. Ill. 1984) (finding a police department does not have a legal existence separate from the city and, therefore, is not a suable entity).  Inasmuch as the City of Mobile Police Department and the Mobile County Sheriff Department are not suable entities under Alabama law, the claims against Defendant Mobile County Police Department are frivolous.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended, prior to service of process, that Defendant Mobile County Police Department be dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) because the claims against it are frivolous.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**ORDERED** this **29th** day of **January 2007.**

                                                   **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

Case 1:06-cv-00227-KD-B   Document 9   Filed 01/29/07   Page 7 of 7

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **29th** day of **January 2007.**

　　　　　　　　　　　　　　　　　　　／s/ SONJA F. BIVINS
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**